Submitted on record and briefs May 5, sentences vacated; remanded for resentencing; otherwise affirmed July 26, 2006

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT ANTHONY IRIZARRY,
*Appellant.*

0410-35643; A128650

139 P3d 1048

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Ernest G. Lannet, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

Defendant pleaded guilty to two counts of first-degree robbery and one count of first-degree assault, and the state dismissed several other counts. At sentencing, the trial court ordered defendant to pay $5,838 in restitution to the Criminal Injuries Compensation Account (the account). ORS 147.225. That amount of restitution included $1,773 for funds that the account had paid to an individual who was not a victim of the charges to which defendant had pleaded guilty; he was a victim of the charges that had been dismissed. On appeal, defendant contends that the trial court erred in imposing restitution for payments that the account had made to victims of offenses to which he had not pleaded guilty nor otherwise had admitted. The state concedes the error. We agree and accept the concession. *See State v. Seggerman*, 167 Or App 140, 145, 3 P3d 168 (2000) ("[A] defendant cannot be required to pay restitution for pecuniary damages arising out of criminal activity for which he was not convicted or which he did not admit having committed.").

Sentences vacated; remanded for resentencing; otherwise affirmed.